**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4224**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JAYAD ZAINAB ESTER CONTEH,

               Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  George L. Russell, III, District Judge. (8:12-cr-00306-GLR-1)

_____

Submitted:  October 20, 2014       Decided:  November 3, 2014

_____

Before WILKINSON and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Marc Gregory Hall, LAW OFFICE OF MARC G. HALL, P.C., Rockville, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Thomas P. Windom, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jayad Zainab Ester Conteh ("Conteh") appeals her convictions after a jury trial for conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349 (2012), bank fraud, in violation of 18 U.S.C. §§ 2, 1344 (2012), aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A (2012), and two counts of exceeding authorized access to a computer and thereby obtaining information contained in a financial record of a financial institution, in violation of 18 U.S.C. §§ 2, 1030(a)(2)(A) (2012). Conteh argues on appeal that the district court erred in denying her motions to suppress evidence and statements because the sworn application supporting her arrest warrant was insufficient to establish probable cause and that the officer executing the warrant did not act in reasonable good faith reliance on the state commissioner's determination of probable cause. Conteh also challenges the district court's qualification of a witness as an expert in Sierra Leoneon Creole, arguing that the court abused its discretion because it so qualified him, even though he is not a federally certified interpreter, does not possess degrees in the language, never acted as a translator previously, and currently works as a teacher in another field. We affirm.

We review the district court's factual findings underlying its denial of a motion to suppress for clear error

and its legal conclusions de novo. United States v. McGee, 736 F.3d 263, 269 (4th Cir. 2013), cert. denied, 134 S. Ct. 1572 (2014). "Probable cause to justify an arrest means [the existence of] facts and circumstances within [a police] officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing in the circumstances shown, that the suspect has committed . . . an offense." United States v. Dickey-Bey, 393 F.3d 449, 453 (4th Cir. 2004) (internal quotation marks and alteration omitted). A "fluid concept that turns on the assessment of probabilities, not on any formula such as is applied to proof at trial," probable cause "is judged by an analysis of the totality of the circumstances." Id. at 453-54 (internal quotation marks omitted). In reviewing the state commissioner's probable cause determination, we "must accord great deference to the [commissioner]'s assessment of the facts presented to him" and "may ask only whether the [commissioner] had a substantial basis for concluding that probable cause existed." United States v. Blackwood, 913 F.2d 139, 142 (4th Cir. 1990) (internal quotation marks, ellipsis, and alteration omitted).

The application supporting the arrest warrant makes clear that law enforcement agents learned that several bank accounts had been compromised when information for the accounts was changed and checks were ordered without authorization.

3

Conteh — in her position as a teller for the bank — had accessed the compromised accounts with information personally identifying the account holders in a manner suggesting her access was unauthorized. Additionally, the owner of a vehicle observed being used in an attempt to retrieve checks ordered without authorization from one of the compromised accounts was relying on a bank insider to provide him information. Under the totality of the circumstances, the state commissioner had a substantial basis to conclude that the supporting application established probable cause, and we reject as unsupported by the record Conteh's assertion that probable cause is lacking because the application contains a "significant misstatement" that she was the individual who changed account information.

In addition, the district court alternatively determined that, even if the supporting application did not establish probable cause, suppression of the warrant and the fruits from Conteh's arrest was not warranted in light of the arresting officer's good faith reliance on the commissioner's determination of probable cause. United States v. Leon, 468 U.S. 897 (1984). Pursuant to the good faith exception under Leon, evidence obtained from an invalid warrant will not be suppressed if the officer's reliance on the warrant was "'objectively reasonable.'" United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004) (quoting Leon, 468 U.S. at 922). Leon

4

identifies four circumstances in which an officer's reliance on a warrant would not so qualify, only one of which Conteh invokes here. Leon, 468 U.S. at 923 (noting that an officer's reliance on a warrant would not so qualify if the warrant was so facially deficient that no reasonable officer could presume its validity). We reject, however, as unsupported by the record Conteh's claim that the arrest warrant was facially deficient because law enforcement agents knew she did not change account information for the bank accounts.

Conteh also challenges the district court's qualification of a witness as an expert in Sierra Leoneon Creole. We review a district court's decision to qualify an expert witness for abuse of discretion. United States v. Garcia, 752 F.3d 382, 390 (4th Cir. 2014).

We reject Conteh's contention that the witness was unqualified as an expert in Sierra Leoneon Creole. Conteh takes issue with the fact that the witness — who testified regarding messages in Sierra Leoneon Creole extracted from the cellular phone seized from her incident to her arrest — is not a federally certified interpreter, does not hold degrees in the language, never acted as a translator previously, and currently works as a teacher in another field.

In undertaking its gatekeeper role to ensure that evidence is reliable under Fed. R. Evid. 702, a district court

5

"must decide whether the expert has 'sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case.'" Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 162 (4th Cir. 2012) (quoting Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 156 (1999)). In making this decision, the court should "consider the proposed expert's full range of experience and training." United States v. Pansier, 576 F.3d 726, 737 (7th Cir. 2009).

Although the witness here is not a federally certified interpreter, lack of formal certification by a professional organization — although relevant to his expertise — is not dispositive; Rule 702 "does not require any particular imprimatur." United States v. Gutierrez, 757 F.3d 785, 788 (8th Cir. 2014); see United States v. Barker, 553 F.2d 1013, 1024 (6th Cir. 1977). Further, although the witness works as a teacher in another field, does not hold degrees in Sierra Leoneon Creole, and had not acted as a translator for any government agency prior to his involvement in Conteh's case, we conclude he was properly qualified as an expert in the language based on his education and experience with the language - including familiarity with its slang terms - and his daily use of the language.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED